IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAFAYETTE CADE, | ) | |
| Plaintiff(s), | ) | No. C 07-1445 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| V. BOKARIUS, et al., | ) | |
| Defendant(s). | ) | |

On March 13, 2007, plaintiff, a prisoner at Kern Valley State Prison and frequent litigant in federal court, filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging various violations of his federal rights while he was incarcerated at Salinas Valley State Prison. He also sought to proceed in forma pauperis under 28 U.S.C. § 1915.

On March 20, 2007, the court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding in forma pauperis in this action because plaintiff: (1) has had three or more prior prisoner actions dismissed by a federal district court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) is not seeking relief from a danger of serious physical injury which is imminent at the time of filing. Mar. 20, 2007 Order at 2 (citing cases).

Pursuant to the law of the circuit, plaintiff nonetheless was afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. Id. (citing Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)). The

court gave plaintiff 30 days to "show cause why § 1915(g) does not bar pauper status for him," and explained that "[f]ailure to show cause, or pay the requisite $ 350.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint." Id.

       Plaintiff since sought and received three extensions of time to file a response to the court's March 20, 2007 order. In his most recent motion, he also sought an order directing the clerk to provide him with copies of the "dockets" of the cases cited by the court in its March 20, 2007 order as examples of the three or more prior prisoner actions or appeals of plaintiff's which have been dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted – Cade v. Ralphs Grocery Store, No. 04-CV-3529-UA-SH (C.D. Cal. June 1, 2004) (order of dismissal); Cade v. Villalobos, No. 03-CV-5897-AWI-SMS (E.D. Cal. Jan. 24, 2005) (same); Cade v. Ralphs, No. 02-CV-2742-UA-SH (C.D. Cal. Apr. 15, 2002, June 11, 2002 and Apr. 13, 2004) (same); Cade v. Villalobos, No. 04-16522 (9th Cir. Sept. 21, 2004) (order of dismissal for lack of jurisdiction); Cade v. Ralphs Grocery Store, No. 04-56409 (9th Cir. Sept. 21, 2004) (same). He argued that without access to the dockets of these cases he is unable to respond to the court's order.

       On June 20, 2007, the court granted plaintiff's motion and instructed the clerk to send plaintiff copies of the docket sheets and pertinent orders in the cases listed above. The court also noted that there are three additional prior prisoner actions of plaintiff's which were dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted, and bar him from proceeding in forma pauperis in this action – Cade v. Woodford, No. 06-CV-0060-OWW-SMS (E.D. Cal. Jan. 29, 2007) (order of dismissal); Cade v. Hubbard, No. 05-CV-0834-AWI-LJO (E.D. Cal. May 29,

2006) (same); Cade v. Yates, No. 04-CV-6769-OWW-LJO (E.D. Cal. Aug. 26, 2006) (same) – and instructed the clerk to send plaintiff copies of the docket sheets and pertinent orders in these additional three cases as well.

The court gave plaintiff 30 days to "show cause why § 1915(g) does not bar pauper status for him," and made clear that "[f]ailure to show cause, or pay the requisite $ 350.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint." June 20, 2007 Order at 3.

More than 40 days have elapsed and plaintiff still has not filed a response to the court's June 20, 2007 order or paid the filing fee. Nor has he sought any further extension of time to do so. Before the court issued its June 20, 2007 order, plaintiff did submit papers (dated June 14, 2007 and stamped filed June 25, 2007) in which he argues that the two appeals dismissed by the Ninth Circuit for lack of jurisdiction and cited by this court as strikes are not proper strikes under § 1915(g). But even if he is correct, the court has determined that six other dismissal by the various federal district courts in California constitute strikes under § 1915(g). Plaintiff has not shown in any persuasive manner that § 1915(g) does not bar pauper status for him. The action is DISMISSED without prejudice to bringing it in a paid complaint.

The clerk shall enter judgment in accordance with this order and close the file. No fee is due.

SO ORDERED.

DATED: Aug. 06, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.07\Cade1.or5.wpd